UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEOFFREY LAVAR LAWSON,

      Petitioner,                   Civil No. 2:14-CV-10499
                                      HONORABLE GERALD E. ROSEN
v.                               CHIEF UNITED STATES DISTRICT JUDGE

WILLIE SMITH,

      Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Geoffrey Lavar Lawson, ("Petitioner"), incarcerated at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for first-degree felony murder, M.C.L.A. 750.316(1)(b); armed robbery, M.C.L.A. 750.529; and possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b.  For the reasons stated below, the petition for writ of habeas corpus is DENIED.

### I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Genesee County Circuit Court, in which he was tried with co-defendants Deondra Williams and Cortez Bailey.  Petitioner was also convicted of being a felon in possession of a firearm but this conviction was vacated at sentencing after the prosecutor learned that petitioner had not actually been convicted of the predicate felony used to establish this charge.  This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals,

1

which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See*

*Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> On September 21, 2008, Saba's Mini Mart was robbed and the clerk, Monir Alyatim, was shot and killed. The surveillance footage from the Mini Mart admitted into evidence shows three men entering the store shortly after 11:00 p.m. The first subject to appear is wearing dark pants and a dark hooded sweatshirt with the hood up. Shortly thereafter, a second subject is seen running up to the front counter. The second subject jumps on the counter, puts his arm over the bulletproof glass, and points a handgun in the direction of the clerk. While the second subject is on the counter, a third subject is seen inside the store holding a pistol grip shotgun. The clerk is seen emptying the registers and handing the money to the second subject. After taking the money, the second subject shoots the clerk and flees the scene with the other subjects. Defendant, Williams, and Bailey were eventually identified as being involved in the robbery and murder. Defendant was identified as the person who shot the clerk.
>
> *************************************************************************************
>
> Dr. [Norman] Sauer, an expert in forensic anthropology specializing in image and facial identification, reviewed the surveillance footage with the purpose of determining whether it was possible to identify the man who jumped on the store counter and shot the clerk by comparing his ear to images of ears captured on the surveillance footage. Dr. Sauer selected five images from the surveillance video for this comparison, and then had a videographer film defendant's left ear. Dr. Sauer then examined 13 features of the ear images taken from the surveillance video and performed a side-by-side comparison with images taken of defendant's ear, part of which involved superimposing the images. Based on his comparisons, Dr. Sauer was unable to find any differences between defendant's ear and the ear captured in the surveillance video. Therefore, he was unable to exclude defendant as the shooter. However, he declined to make a positive identification.

*People v. Lawson,* No. 302128, * 1-2 (Mich. Ct. App. June 26, 2012).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 493 Mich. 896, 822

N.W.2d 597 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Defendant was denied his constitutional right to effective assistance of counsel and is thus entitled to a new trial because defense counsel failed to move to exclude expert testimony that did not meet the requirements of MRE

2

702, and had the testimony been excluded it is reasonably probable that the results of the trial would have been different.

II. Defendant was denied a fair trial when he was charged and convicted by the jury of felon in possession of a firearm, and the prosecutor did not move until sentencing to dismiss because Defendant had no prior felony convictions.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

3

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

### III.  Discussion

**A. Claim # 1.  Petitioner is not entitled to habeas relief on his claim that trial counsel was ineffective for failing to object to the admission of expert testimony concerning a comparison of petitioner's ear to the ear of the person on the surveillance videotape who murdered the store clerk.**

Petitioner first contends that trial counsel was ineffective for failing to object to the expert testimony from Dr. Norman Sauer, a forensic anthropologist, on the ground that the ear identification techniques used by Dr. Sauer are not generally accepted in the scientific community and should therefore have been excluded under M.R.E. 702 for being

4

inherently unreliable.

The Michigan Court of Appeals rejected petitioner's ineffective assistance of counsel claim along with an independent claim concerning the admissibility of Dr. Sauer's testimony that is not raised in the current petition.  The Michigan Court of Appeals concluded that Dr. Sauer use of photographic comparisons between petitioner's ear and the ear of the suspect in the surveillance video was not new or novel science.  The Michigan Court of Appeals noted that courts have allowed experts to offer opinions regarding the similarities and differences in the physical features of a defendant and a criminal suspect based on photographic comparisons between the two.  The Michigan Court of Appeals further held that there was nothing inherently unreliable about "pointing out similarities in morphologic features of an ear."  Lastly, the Michigan Court of Appeals noted that Dr. Sauer did not make a positive identification of the suspect.  The Michigan Court of Appeals concluded that it was not plain error for the trial court to admit Dr. Sauer's testimony nor was counsel ineffective for failing to object to its admission. *Lawson,* Slip. Op. at * 3-4.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be

5

sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 131 S. Ct. at 785. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).  Pursuant to § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.*  This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 131 S. Ct. at 785.  "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 788 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

In addition, a reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel

6

may have had for proceeding as he or she did. *Cullen v. Pinholster,* 131 S. Ct. 1388, 1407 (2011).

Petitioner is not entitled to habeas relief on his claim for several reasons.

First, the admission of expert testimony in a state trial presents a question of state law which does not warrant federal habeas relief, unless the evidence violates due process or some other federal constitutional right. *See Keller v. Larkins,* 251 F. 3d 408, 419 (3rd Cir. 2001).  Thus, a federal district court cannot grant habeas relief on the admission of an expert witness' testimony in the absence of Supreme Court precedent which shows that the admission of that expert witness' testimony on a particular subject violates the federal constitution. *See Wilson v. Parker,* 515 F.3d 682, 705-06 (6th Cir. 2008).  In the present case, the trial court and the Michigan Court of Appeals concluded that Dr. Sauer was properly qualified as an expert witness to offer testimony concerning the comparisons between photographs of petitioner's ear and the ear of the suspect in the surveillance video.  Because the trial judge and the Michigan Court of Appeals concluded that Dr. Sauer's expert testimony was admissible, petitioner was not prejudiced by counsel's failure to object. *Keller,* 251 F. 3d at 419.  Because petitioner failed to show a reasonable probability that Dr. Sauer's expert testimony would have been excluded had an objection been made, petitioner is not entitled to habeas relief on this claim. *See Pillette v. Berghuis*, 630 F. Supp. 2d 791, 802 (E.D. Mich. 2009); *aff'd in part and rev'd in part on other grds,* 408 Fed.Appx. 873 (6th Cir. 2010); *cert. den.* 132 S. Ct. 125 (2011).

Secondly, although defense counsel did not object to the admission of Dr. Sauer's testimony, petitioner acknowledges that trial counsel extensively cross-examined Dr. Sauer concerning his identification testimony.  Dr. Sauer acknowledged that he had never

7

before testified regarding an identification solely on the basis of an ear. Dr. Sauer admitted that this ear identification technique was fairly new and not generally accepted in the scientific community, in large part because the community had yet to extensively study the issue. Dr. Sauer agreed that the photographs taken of petitioner were of a better image quality than those pictures taken from the surveillance videotape. Dr. Sauer admitted that the study that he based his ear identification technique upon involved only 10,000 individuals, a fairly small sample group in comparison to the world population. Dr. Sauer conceded that the orientation of two ear samples is never perfect during the superimposition process. [1]

The Supreme Court has noted that: "[I]n many instances cross-examination will be sufficient to expose defects in an expert's presentation." *Harrington,* 131 S. Ct. at 791. Counsel's choice to attack the credibility of Dr. Sauer's expert testimony through cross-examination, rather than to object to its admissibility, is a valid strategy that defeats petitioner's claim. *See e.g. Jackson v. McQuiggin,* 553 Fed. Appx. 575, 580-82 (6th Cir. 2014)(trial counsel was not ineffective by opting to forgo defense expert testimony in arson prosecution, when counsel educated herself on principles of arson investigation, consulted with arson expert, conferred with defense attorneys, and elicited concessions from prosecution expert on cross-examination).

Lastly, petitioner was not prejudiced by counsel's failure to object to the reliability of Dr. Sauer's identification testimony, in light of the additional evidence which established petitioner's identity as the shooter. Geneva Ingram testified that she observed petitioner

---

[1] *See* Memorandum of Law in Support of Petition for Writ of Habeas Corpus, p. 13.

and his three co-conspirators discuss robbing the store just prior to the robbery.  Ingram watched petitioner, Deondra Williams, and Cortez Bailey put on masks and take out guns, before walking towards the store.  Tevin Williams went ahead to scout out the situation. Ingram testified that she saw petitioner with a handgun and Deondra with a shotgun. Several minutes later, Ingram heard gunshots.  Soon thereafter, Ingram observed petitioner running in one direction and Tevin Williams and Bailey in another direction. Tevin Williams later identified his brother Deondra and petitioner as being inside the store. Tevin Williams testified that the suspect who jumped on the counter and shot the victim was wearing the same hat that he had seen petitioner wearing that day.  The day after the robbery, petitioner and Deondra Williams were at Ingram's house discussing the robbery when petitioner stated that his mask had fallen off and that "he had to do what he had to do" during the robbery.

Because of the additional evidence against petitioner in this case, counsel was not ineffective in failing to challenge the reliability of Dr. Sauer's identification of petitioner. *See e.g. Riley v. Jones,* 476 F. Supp. 2d 696, 710 (E.D. Mich. 2007).  Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2.  Petitioner is not entitled to habeas relief on his claim that the jury heard that he had previously been convicted of a predicate felony to support the felon in possession of a firearm conviction when he had not actually been convicted of this offense.**

Petitioner claims that he was denied his right to a fair trial when he was convicted of the charge of felon in possession of a firearm on the erroneous belief that he had previously been convicted of carrying a concealed weapon.  The felon in possession charge was vacated at sentencing after the prosecutor learned that petitioner had not

9

actually been convicted of carrying a concealed weapon because he had been placed on the Holmes Youthful Trainee Act (HYTA) for this charge.[2]   Although the felon in possession of a firearm conviction was set aside, petitioner argues that he was prejudiced by evidence that he was a convicted felon who was barred from possessing a firearm. Petitioner claims that this evidence was unduly prejudicial. [3]

Unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional violation. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Coy v. Renico,* 414 F. Supp. 2d 744, 756 (E.D. Mich. 2006).   As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F. 3d 363, 370 (6th Cir. 1994).

Petitioner's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a

---

[2]  HYTA allows certain young offenders to plead guilty and complete probation or a youth training program, during which the entry of a judgment of conviction is held in abeyance. *See Does v. Munoz,* 507 F.3d 961, 965 (6th Cir. 2007)(citing M.C.L.A.762.11).  If the offender successfully completes the program, the charges are dismissed and there is no conviction. *Id.* (Citing M.C.L.A. 762.14).

[3]  Respondent claims that petitioner's claim is procedurally defaulted because defense counsel stipulated to the prior felony conviction at trial, thus, waiving the claim for appellate review in the Michigan Court of Appeals.  Petitioner argues that his counsel could not have objected to the prior felony conviction because it was not until sentencing that petitioner's HYTA status on the prior charge was brought to counsel's attention.  "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525.  Because petitioner's claim is non-cognizable, it is not necessary to address the procedural default issue.

state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *See also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

To the extent that petitioner argues that the state court violated M.R.E. 404(b) by admitting improper "prior bad acts" evidence against him, he would not be entitled to relief because this claim is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007); *Estelle v. McGuire,* 502 U.S. 62, 72 (1991)(Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003). Petitioner is not entitled to habeas relief on his second claim.

### C. Petitioner is not entitled to habeas relief on any new claims raised in his reply brief.

In his reply brief, petitioner for the first time appears to be raising additional claims that were not raised in his initial habeas petition, nor raised in his appeal before the Michigan appellate courts. Petitioner alleges that the trial court should have appointed

11

substitute counsel because there had been a breakdown in the relationship between himself and counsel, that counsel was laboring under a conflict of interest because Dr. Sauer had been one of his college professors, that counsel was ineffective in failing to obtain his own expert witness on identification, and that the prosecutor committed misconduct.

A traverse or reply to an answer to a petition for writ of habeas corpus is not the proper pleading for a habeas petitioner to raise additional grounds for relief. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004). "[A] court cannot consider new issues raised in a traverse or reply to the State's answer." *Id.* Because these claims are being presented for the first time in petitioner's reply brief, rather than in his habeas petition, this Court declines to address these claims, because they are not properly before this Court. *See Murphy v. Ohio*, 551 F. 3d 485, 502 (6th Cir. 2009); *See also Tyler v. Mitchell,* 416 F. 3d 500, 504 (6th Cir. 2005).

### IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

s/Gerald E. Rosen              
Chief Judge, United States District Court

Dated:  November 26, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 26, 2014, by electronic and/or ordinary mail.

s/Julie Owens               
Case Manager, (313) 234-5135